DENNIS S. PERKINS, Administrator, v. WILLIAM BARSTOW.

He who indorses a note payable to another at the time it is made, is to the payee, a joint and several promisor with the maker; and as such, although but a surety as between himself and the maker, all promises and part payments made by the maker equally affect his liability under the statute of limitations, as if made by himself.

| 6 | 505 |
|---|---|
| 11 | 94 |
| 12 | 271 |
| 6 | 505 |
| 16 | 855 |
| 6 | 505 |
| 18 | 722 |
| 6 | 505 |
| 20 | 670 |
| 6 | 505 |
| 24 | 600 |

ASSUMPSIT upon a promissory note, on demand, for five hundred and sixty seven dollars and sixty-two cents, made on the 26th day of March, 1851, by one Caleb S. Pierce to Mrs. Rebecca Perkins, the plaintiff's intestate, and at the time it was made indorsed by the defendant's firm of Aldrich and Barstow. The writ was dated and served on the 4th day of September, 1860.

The defendant pleaded, in addition to the general issue, the statute of limitations. The case was tried by the court upon an agreed statement of facts, and by this it appeared, that Pierce paid on the 19th day of June, 1856, the sum of one hundred and twenty-five dollars, and, on the 22d day of July, 1856, the further sum of seventy-five dollars, on account of said note, which payments were indorsed on the note; but that both the payments and indorsements were made without the direction or knowledge of the defendant, nor did the same come to his knowledge until soon after the execution of the assignment hereinafter stated, but before the assigned property had been converted into money; nor had any new promise, either verbal or written, been made by the defendant, either individually, or for his firm, to pay said note, since the day of its date. On

the 29th day of October, 1857, Pierce executed to the defendant a mortgage of personal property to secure him as the holder of certain promissory notes made by Pierce to him, and as an indorsee of a promissory note for the accommodation of said Pierce, the discount of which he had procured ; and on the 5th day of December, 1857, executed an assignment of his property for the benefit of his creditors to the defendant and John B. Hartwell, in which a preference was given to the above debts and liabilities of the defendant, which were secured by the mortgage, and to all advances made by the defendant for the accommodation and benefit of said Pierce ; but at the time of the execution and delivery of said mortgage and assignment, the defendant was not aware that the note in question was outstanding and unpaid. The property embraced in the mortgage, and which was conveyed by the assignment to the defendant and Hartwell, was not sufficient in value, at the time of the assignment, to pay and discharge all the liabilities of the defendant on account of said Pierce ; but by delay in the sale of said property and advances made by the defendant on account of said Pierce, sufficient was realized to have paid and indemnified the defendant in full, including the note sued, although said note was not considered by the defendant amongst his liabilities, and he did not reserve from the assigned assets sufficient to pay the same. By the agreed statement, if, upon these facts the plaintiff was entitled to recover in the action, judgment was to be rendered for him for the amount appearing to be due upon the note ; and if not, judgment was to be entered for the defendant.

*Ballou & Brownell*, for the plaintiff.

1. The note in suit is the joint and several note of Caleb S. Pierce and Aldrich & Barstow. *Hunt* v. *Adams*, 5 Mass. 358 ; *Hemmenway* v. *Stone*, 7 Ib. 58 ; *Chaffee* v. *Jones*, 19 Pick. 260 ; *Austin* v. *Boyd*, 24 Ib. 64 ; *Mathewson* v. *Sprague*, 1 R. I. 8 ; *Sampson* v. *Thornton*, 3 Met. 275 ; *Union Bank, &c.* v. *Willis*, 8 Ib. 504 ; *Bryant* v. *Eastman*, 7 Cush. 111–113.

2. A partial payment made on a note by one of several joint promisors, will take the debt out of the statute of limitations as to the co-promisors. That this is the law of England, see *Whitcomb* v. *Whiting*, 2 Doug. 652 ; s. c. 1 Smith's Lead. Cas.

318, and cases cited.   That it is the law of New England, see *Hunt* v. *Bridgham*, 2 Pick. 581; *Sigourney* v. *Drury*, 14 Ib. 387; *Turner & Salisbury* v. *Ross*, 1 R. I. 88–90; *Pike* v. *Warren et al.* 15 Me. (3 Shep.) 390; *Joslyn* v. *Smith*, 13 Verm. 353; *Austin* v. *Bostwick*, 9 Conn. 496.

3. In this case the note never was barred by the statute of limitations.   The part payments by Pierce before the expiration of six years from its maturity, did not revive any liability of Aldrich & Barstow, but only continued an existing liability. *Sigourney* v. *Drury*, 14 Pick. 387.

*Bartlett*, for the defendant.

The defendant was a mere surety on this note; *Mathewson* v. *Sprague*, 1 R. I. 8; and as a collateral undertaker could not be affected by the partial payments made by his principal.   *Gardner* v. *Nutting*, 5 Greenl. 140; *Bowdre* v. *Hampton*, 6 Richardson, 208; *Winchell* v. *Hicks*, 18 N. Y. (4 Smith), 538; *Hopkins* v. *Banks*, 7 Cow. 653; *Shelton* v. *Cocke*, 3 Munf. 191; *Exeter Bank* v. *Sullivan*, 6 N. H. 124; *Lane* v. *Doty*, 4 Barb. S. C. 530; Parsons on Contracts, 503.

BOSWORTH, J.   This note is, upon the authorities by which this court has always been governed, a joint and several promissory note.   The name of the defendant having been signed in blank on the back of the note at its inception, and the plaintiff's intestate being the payee, rendered the defendant liable as an original promisor.   This undertaking was not collateral, but original and absolute.   As between the other payer and himself, the defendant may be called a surety, so as to have his remedy over against the principal; but as between himself and the plaintiff, he stands in the position of a joint and several promisor.   The authority cited by the defendant's counsel, (1 R. I. 8,) shows that such a signing of a note renders the person who signs it a surety, not entitled to notice of non-payment by the maker, in order to fix his liability, but liable absolutely. See, also, Story on Promissory Notes, p. 59, and cases cited.

Upon well-settled principles of the law, " evidence of an acknowledgment by one of several joint contractors, is sufficient to bind the rest; and although the party to be affected by the acknowledgment, but who was joined in a promissory note, be but a surety for the other."   See 2 Starkie, p. 483, (2d edit.) and

the cases there cited. The case of *Hunt* v. *Bridgham*, 2 Pick. 581, seems to be a case parallel with this in its main aspect. That was a case where the surety on a note witnessed, claimed to be discharged by lapse of time, as twenty years had elapsed after the making of the note and before action brought. The legal presumption of payment was claimed to be rebutted by several payments made by the principal debtor; one of which was a sum of fifty dollars, made and indorsed on the note within the twenty years. The court decided this to be equivalent to an express acknowledgment of an existing debt; and that as to the legal effect of these payments, the two defendants stood on the same footing; the admission of one being the admission of both. The acknowledgment of one, within six years, will take the case of an ordinary promissory note out of the statute of limitations, as to the other. These principles are decisive of this case; and judgment must be rendered for the plaintiff for the amount due on the note.